JASON P. GONZALEZ (Bar No. 178768)
jgonzalez@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth St., 46th Floor
Los Angeles, CA 90013-1010
Tel: 213-629-6000
Fax: 213-629-6001

Attorneys for Plaintiffs,
APOLLO MEDICAL HOLDINGS, INC. and
MAVERICK IPA



FILED
CLERK, U.S. DISTRICT COURT
DEC 12 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APOLLO MEDICAL HOLDINGS, INC. and MAVERICK IPA,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 through 5,<br><br>Defendants. | Case No. CV13-09158-VBK<br><br>**COMPLAINT FOR:**<br>(1) **FALSE ADVERTISEMENT;**<br>(2) **UNFAIR BUSINESS PRACTICES; AND**<br>(3) **FALSE OR MISLEADING ADVERTISEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Apollo Medical Holdings, Inc. ("ApolloMed") and Maverick IPA ("Maverick") (collectively, "Plaintiffs"), by their attorneys, Nixon Peabody LLP, allege as follows for their Complaint for false advertising and unfair business practices against Defendant DOES 1 through 5:

## PARTIES

1. Plaintiff Apollo Medical Holdings, Inc. ("ApolloMed"), a leading provider of integrated medical management services, is a publicly traded corporation duly organized and existing under the laws of the State of Delaware and authorized to do business within the State of California, County of Los Angeles.

2. ApolloMed is committed to providing exceptional multi-disciplinary care in communities throughout Southern and Central California. Accordingly,

1  ApolloMed strategically placed its headquarters within the County of Los Angeles at 700 North Brand Boulevard, Suite 220, Glendale, California 91203.

3. Plaintiff Maverick IPA ("Maverick") is an Independent Physician Association ("IPA") serving Medicare, dual eligible, commercial, and Medi-Cal patients residing in the Greater Los Angeles area. Maverick is a professional medical corporation with a principal place of business at 700 North Brand Boulevard, Suite 220, Glendale, California 91203. Maverick is owned by Dr. Warren Hosseinion.

4. Plaintiffs are ignorant of the true names or capacities of Defendants sued as DOES 1 through 5, inclusive ("Defendants"), and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that the DOE defendants bear all responsibility for the acts alleged in this Complaint and therefore Plaintiffs may assert a claim against Defendants. Upon the discovery of the true names or capacities of DOES 1 through 5, Plaintiffs will seek leave of this Court to amend this Complaint accordingly.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiffs' claims for false advertising pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.* This Court has subject matter jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants routinely conduct, solicit and/or transact business within this judicial district and elsewhere in California, including without limitation by publishing or causing others to publish the false or misleading advertisements at issue in newspapers and periodicals within this judicial district and elsewhere in California, and/or have otherwise made or established constitutionally sufficient contacts in this judicial district to permit this Court's exercise of personal

jurisdiction.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because: (1) Plaintiffs are headquartered in the County of Los Angeles; and (2) this Action arises out of a false and misleading Advertisement placed in several Los Angeles-area newspapers within this judicial district, and thus the harm emanates from activity in Los Angeles and impacts a substantial number of consumers in this judicial district.

## GENERAL ALLEGATIONS

8.  In late October 2013, ApolloMed learned that an advertisement had run in the *La Cañada Valley Sun* (the "Newspaper"), a local Los Angeles-area newspaper, making certain claims about Apollo and Maverick (the "Advertisement"). The clear purpose of the Advertisement is to dissuade patients and/or prospective patients from using Maverick IPA. A true and correct copy of the Advertisement is attached to this Complaint as Exhibit A.

9.  The Advertisement purports to be sponsored by an organization called CA4HCA California for Healthcare Accountability ("California for Healthcare Accountability") and contains the following telephone number (believed to be a mobile number): 323-919-5272.

10. While the Advertisement purports to state facts ("Know the Facts"), information contained in the Advertisement is either literally false or misleading.

11. For example, the statement in the Advertisement that "Maverick IPA is owned by Apollo Medical Holdings" is false. Yet, this false statement is the foundation of the other statements in the Advertisement.

12. Moreover, the Advertisement is misleading insofar as it attempts to attribute statements made by or about ApolloMed (e.g., statements allegedly pulled from ApolloMed's SEC filings) to Maverick.

13. Shortly after learning of the Advertisement, ApolloMed contacted the Newspaper to: (1) request that the Newspaper cease publication of the

Advertisement; and (2) learn who placed the Advertisement. The Newspaper indicated that a woman named Alison ("Ali") Reynolds had placed and paid for the Advertisement. The Newspaper further indicated that Ms. Reynolds had provided an address of 6210 Wilshire Boulevard.

14. To date, Plaintiffs have been unable to definitively determine the identity of the person who ran the Advertisement.

15. Moreover, after reasonable investigation, Plaintiffs have been unable to find any information about California for Healthcare Accountability, the organization identified as the sponsor of the Advertisement.

16. Plaintiffs have also been unable to identify the owner of the Mobile Telephone Number.

17. Upon information and belief, the Advertisement (or advertisements nearly identical to the Advertisement) has also run in the *Los Angeles Downtown News*, the *Long Beach Press Telegram*, the *San Gabriel Valley Tribune*, the *Whittier Daily News*, and the *Pasadena Star News,* among others. When asked, these other newspapers provided the same information as that provided by the *La Cañada Valley Sun*, namely, that a woman named Alison ("Ali") Reynolds had placed and paid for the Advertisement and had used the same address (6210 Wilshire Boulevard) and telephone number (323-919-5272).

## FIRST CAUSE OF ACTION
### False Advertising
### (15 U.S.C. § 1125(a))

18. The allegations of Paragraph 1 through 17 are incorporated herein by reference as if set forth fully below.

19. Defendants' conduct as described herein constitutes false or misleading advertising within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a) because the Advertisement (or advertisements nearly identical to the Advertisement) contains false or misleading descriptions or representations of

fact that misrepresent the nature, characteristics, and/or qualities of Plaintiffs' goods, services, or commercial activities, including without limitation false and/or misleading statements about the connection between ApolloMed and Maverick and that are generally intended to dissuade patients and/or would-be patients from choosing Maverick.

20. Defendants are willfully, knowingly and intentionally making false and misleading representations of fact, and will continue making these false and misleading representations of fact in advertising unless enjoined by this Court, so as to intentionally deceive, mislead and confuse consumers and the purchasing public.

21. As a direct and proximate result of Defendants' unlawful and deliberate acts and conduct, Defendants have caused, and unless these acts and practices are enjoined by this Court, will continue to cause, immediate and irreparable harm to Plaintiffs, for which there is no adequate remedy at law, and for which Plaintiffs are entitled to preliminary and permanent injunctive relief.

22. As a direct and proximate result of Defendants' acts and conduct, including the acts and conduct set forth herein, Defendants have caused, and is likely to continue causing, substantial injury to the public and to Plaintiffs, and Plaintiffs are entitled to recover Defendants' profits, actual damages, enhanced profits and damages, in an amount to be determined at trial, reasonable attorneys' fees and costs, treble damages and an order for impoundment pursuant to 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

## SECOND CAUSE OF ACTION
### Unfair Business Practices
### (California Business & Professions Code §§ 17200 *et seq.*)

23. The allegations of Paragraph 1 through 22 are incorporated herein by reference as if set forth fully below.

24. Defendants' conduct as described herein was unfair or fraudulent and constitutes an unfair business practice or practices within the meaning of Business

& Professions Code section 17200 *et seq.*

25.  As a result of Defendants' wrongful conduct described above, the reputations of ApolloMed and Maverick have respectively suffered serious and irreparable harm.

26.  Plaintiffs will continue to suffer irreparable harm and damages from Defendants' unfair business practice unless Defendants are enjoined from continuing such conduct. Injunctive relief pursuant to Business and Professions Code section 17203 is necessary to prevent Defendants from continuing to engage in the fraudulent and unfair business practices alleged herein. Defendants will continue the fraudulent and unfair business practices alleged herein, unless they are restrained and enjoined by this Court. Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate the Plaintiffs for the damages suffered as a result of Defendants' wrongful acts; and (b) pecuniary compensation alone would not afford adequate and complete relief.

27.  Plaintiffs are entitled to recover their reasonable attorney's fees and costs in connection with this cause of action, as well as appropriate restitution and other equitable relief.

### THIRD CAUSE OF ACTION
**False or Misleading Advertisement**
**(California Business & Professions Code §§ 17500 *et seq.*)**

28.  The allegations of Paragraph 1 through 27 are incorporated herein by reference as if set forth fully below.

29.  Defendants' conduct as described herein constitutes false or misleading advertising within the meaning of Business & Professions Code §§ 17500 *et seq.*

30.  The Advertisement was and continues to be disseminated to and received by the public. The Advertisement includes false and/or misleading statements about the connection between ApolloMed and Maverick and is generally

1. intended to dissuade patients and/or would-be patients from choosing Maverick.

2. 31. The Advertisement contains statements that are untrue and/or misleading and likely to deceive the public.

3. 32. Defendants knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading and so acted in violation of Business and Professions Code §17500.

4. 33. Plaintiffs will continue to suffer irreparable harm and damages from Defendants' unfair business practice unless Defendants are enjoined from continuing such conduct. Injunctive relief pursuant to Business and Professions Code section 17535 is necessary to prevent Defendants from continuing to engage in the making untrue or misleading statements as alleged herein. Defendants will continue making the untrue and/or misleading statements alleged herein unless they are restrained and enjoined by this Court. Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate the Plaintiffs for the damages suffered as a result of Defendants' wrongful acts; and (b) pecuniary compensation alone would not afford adequate and complete relief.

5. 34. Plaintiffs are entitled to recover their reasonable attorney's fees and costs in connection with this cause of action, as well as appropriate restitution and other equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. Entering a judgment that Defendants have engaged in unfair business practices within the meaning of Business & Professions Code §§ 17200 *et seq.*;

2. Entering a judgment that Defendants have engaged in false or

misleading advertising within the meaning of Business & Professions Code §§ 17500 *et seq.*;

3. Entering a judgment that Defendants have engaged in false advertising within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

4. Ordering that Defendants and each of their respective agents, officers, employees, representatives, successors, assign, attorneys and all other persons acting for, or on behalf of, each Defendant, or in concert or participation with each Defendant, be preliminarily and permanently enjoined from using or relying on the Advertisement (or advertisements nearly identical to the Advertisement) – or any similar claim – in any way;

5. Ordering that Defendants recall and destroy all documents and materials prepared in connection with and/or relating to the Advertisement (or advertisements nearly identical to the Advertisement), and also to deliver to each customer and media outlet displaying the Advertisement (or advertisements nearly identical to the Advertisement) a copy of this order as it related to the injunctive relief against Defendants;

6. Awarding Plaintiffs damages in an amount to be determined at trial, including, if available, enhanced damages caused by the acts and conduct forming the basis of the Complaint;

7. Ordering that based on Defendants' knowing and intentional use of false advertising, the damages award be trebled as provided for by 15 U.S.C. § 1117(a);

8. Awarding Plaintiffs any statutory damages available by law;

9. Awarding Plaintiffs reasonable attorneys' fees and costs;

///

10. Awarding Plaintiffs such other relief as the Court may deem just and proper.

Dated: December 11, 2013

Respectfully Submitted,

NIXON PEABODY LLP

By: _____
Jason P. Gonzalez
Attorney for Plaintiffs,
APOLLO MEDICAL HOLDINGS,
INC. and MAVERICK IPA

## JURY TRIAL DEMAND

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury.

Dated: December 11, 2013

Respectfully Submitted,

NIXON PEABODY LLP

By: _____
Jason P. Gonzalez
Attorney for Plaintiffs,
APOLLO MEDICAL HOLDINGS,
INC. and MAVERICK IPA

EXHIBIT A

cel. He said the development will have around 600,000 square feet of space, about half the square footage of the Park Fifth plan.

increasing concern about necessity, frame construction is taking over key parcels across the Central City, as these projects te

regard to the vision of a denser, more efficient Downtown," said Paul Habib, chief of staff for Vilkin said.

eddie@downtownnews.com

---

## Apollo Medical Holdings And Maverick IPA

## WHAT YOU DON'T KNOW

Maverick IPA is owned by Apollo Medical Holdings.

### KNOW the FACTS

"Losses from operations may be incurred for all of 2014. Consequently, [Apollo] may not have sufficient cash necessary to sustain operations for the next twelve months and this raises substantial doubt that we will be able to remain in business."
— *Apollo Medical Holdings July 31, 2013 Form 10Q*

There is "substantial doubt about the Company's ability to continue as a going concern."
— *Dunn and Bradstreet September 25, 2013 Business Information Report on Apollo Medical Holdings*

FACT: During 2012 Apollo lost $8.9 million on revenues of approximately $8 million.
— *July 31, 2013 Apollo 10Q*

FACT: In 2012 Apollo's CEO Dr. Warren Hosseinion received $920,667 in total compensation.
— *July 31, 2013 Apollo 10Q*

FACT: Apollo's CEO has concluded that Apollo's "internal controls over financial reporting are not effective."
— *July 31, 2013 Apollo 10Q*

FACT: In sum, if Apollo is "not able to raise substantial additional capital in a timely manner, it may be forced to cease operations."
— *July 31, 2013 Apollo 10Q*

## Can Apollo/Maverick survive? KNOW THE RISKS
CAHHCA

---

Los Angeles | Department of Water & Power

## L.A. Aqueduct
### Centennial 2013

Join LADWP in celebrating 100 years of continuous service of William Mulholland's engineering marvel, the Los Angeles Aqueduct.

The Aqueduct first conveyed pristine snowmelt from the Eastern Sierra to Los Angeles on November 5, 1913, which led to the growth and prosperity of Los Angeles and Southern California, helped spur an economy that today rivals many nations' and supports a distinct culture synonymous with invention, creativity and entrepreneurship.

Today, the Aqueduct continues to provide fresh drinking water to Los Angeles and will continue to do so as we enter our Next Century of Water together.

For information on planned celebrations in honor of our local legend, please visit www.laaqueduct100.com or www.ladwp.com.

### Our Legacy. Our Future.